IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COLLIE M. TRANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-10-555-C |
| ) | |
| STATE OF OKLAHOMA, ex rel. ) | |
| BOARD OF MEDICOLEGAL ) | |
| INVESTIGATIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION and ORDER**

Plaintiff Collie Trant moves this Court to compel Defendants State of Oklahoma ex rel. Board of Medicolegal Investigations, Cherokee Ballard, Dewayne Andrews, Douglas Stewart, Rocky McElvany, C. Michael Ogle, Charles Curtis, Karlis Sloka, Chris Ferguson, Shanda McKenny, Sandra Balzer, and Tom Jordan (Defendants) to file the entire state court proceeding record under 28 U.S.C. § 1446(a), or 28 U.S.C. § 1447(b). On May 6, 2010, Plaintiff filed an amended petition in Oklahoma County District Court alleging, in addition to previously pleaded state-law claims, that Defendants violated Plaintiff's constitutional rights; Defendants timely removed to this Court on May 26, 2010, under 28 U.S.C. § 1441. In their petition for removal, Defendants maintained this Court had original subject-matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331.

Under 28 U.S.C. § 1446(a), the removing party is required to file "all process, pleadings, and orders served upon [the] defendant." This obligation remains unchanged

regardless of when removal occurs. Id. Pleading, as defined in Fed. R. Civ. P. 7(a),[*] includes the following: a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer. Id. The removing party is not required to file the entire state court record with its petition for removal. 28 U.S.C. § 1446(a).

The Defendants filed, with their petition to remove, the Complaint, the Amended Complaint, and the Answer, all originally filed in the Oklahoma County District Court—no further pleadings were filed in state court. Defendants also filed all processes and orders served upon them. Defendants have fulfilled their duty under 28 U.S.C. § 1446(a). Accordingly, Plaintiff's motion to compel Defendants' filing of all state court records under 28 U.S.C. § 1446(a) is denied.

Plaintiff alternatively argues that the Defendants should be compelled to file all state court records under 28 U.S.C. § 1447(b). Under this statute, a federal district court may require the removing party to file with its court clerk copies of all records and proceedings in the state court—this action is within the court's discretion. Id. Further, the court, not the nonremoving party, is the proper solicitor for additional state court records. "The existence of this provision [28 U.S.C. § 1447(b)] contemplates that the *district court* should have

---

[*] Plaintiff incorrectly asserts Rule 7 is not applicable to define "pleading" in this circumstance due to Rule 81(c). Rule 81(c)(1) states: "These rules apply to a civil action after it is removed from a state court." "These rules" include the definition of "pleading" under Rule 7. Congress did not define "pleading" in 28 U.S.C. § 1446(a), nor did it define "pleading" in § 1451, the definitions section to that chapter.

requested the petitioner to file a copy of the motion . . . ." Usatorres v. Marina Mercante Nicaracguenses, S.A., 768 F.2d 1285, 1287 (11th Cir. 1985) (emphasis added) (holding that a motion to dismiss was not waived when the defendant failed to attach the state motion to its removal petition). Therefore, Plaintiff's motion to compel filing under 28 U.S.C. § 1447(b) is denied.

Plaintiff argues that the state court records are needed for two reasons: to support motions pending in this Court and to prevent relitigating issues resolved in state court prior to removal. The more appropriate method of attaching state court documents as support for motions pending before this Court is under Rule 10(c), not a motion to compel Defendants' filing of all state court documents under either 28 U.S.C. § 1446(a) or § 1447(b). As to Plaintiff's concern regarding religation, under 28 U.S.C. § 1450, all state court orders prior to removal remain in "full force and effect until dissolved or modified by the district court." Id. Considering this final point, it seems excessive to order Defendants to file the entire state court record before needed by this Court.

Consequently, Plaintiff's motion to Compel Defendants' to comply with 28 U.S.C. §1446(a) (Dkt. No. 21) is DENIED.

IT IS SO ORDERED this 30th day of August, 2010.

ROBIN J. CAUTHRON
United States District Judge