# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

COLLIE M. TRANT, )
 )
                Plaintiff, )
 )
vs. ) Case No. CIV-10-555-C
 )
(1) STATE OF OKLAHOMA; )
(2) BOARD OF MEDICOLEGAL )
INVESTIGATIONS; )
(3) OFFICE OF THE CHIEF )
MEDICAL EXAMINER; )
(4) DEWAYNE ANDREWS, in his )
individual and official capacities; )
(5) DOUGLAS STEWART, in his )
individual and official capacities; )
(6) ROCKY MCELVANY, in his )
individual and official capacities; )
(7) C. MICHAEL OGLE, in his )
individual and official capacities; )
(8) CHARLES CURTIS, in his )
individual and official capacities; )
(9) KARLIS SLOKA, in his )
individual and official capacities; )
(10) CHRIS FERGUSON, in his )
individual and official capacities; )
(11) SHANDA MCKENNY, in her )
individual and official capacities; )
(12) CHEROKEE BALLARD, in her )
individual and official capacities; )
(13) SANDRA BALZER, in her )
individual and official capacities; )
(14) TOM JORDAN, in his )
individual and official capacities, )
 )
                Defendants. )

**MEMORANDUM OPINION AND ORDER**

Defendants filed the present Motion to Stay Pending Appeal and review by the Tenth Circuit of this Court's Order to Dismiss. This case was originally filed in Oklahoma County state court, removed to this Court, then remanded by this Court to Oklahoma County state court after dismissal of Plaintiff's federal claims. On October 27, 2010, Plaintiff filed a Notice of Appeal with the Tenth Circuit seeking review of this Court's dismissal of Plaintiff's federal claims.

Generally, district courts lose jurisdiction once a litigant files a notice of appeal, but retain jurisdiction over collateral matters not involved in the appeal. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010); Garcia v. Burlington N. R. Co., 818 F.2d 713, 721 (10th Cir. 1987) ("In collateral matters not involved in the appeal, . . . the district court retains jurisdiction. . . . For example, even after a timely notice of appeal is filed, a district court may retain jurisdiction to determine the propriety and amount of attorney's fees.").

Defendants recognize the general rule that divests jurisdiction in district courts, but insists that remand is a matter collateral to the appeal of this Court's dismissal of Plaintiff's federal claims. This argument is unpersuasive; the appeals court will review this Court's

dismissal of Plaintiff's federal claims, which in turn governs this Court's subject matter jurisdiction over the claim and the propriety of remand to state court. The review of dismissal necessarily implicates the decision to remand and is not collateral.

Since this Court finds remand is not collateral to the issues on appeal—the dismissal of Plaintiff's federal claims—this Court lacks the jurisdiction required to issue the requested stay. Accordingly, Defendants' Motion to Stay Pending Appeal (Dkt. No. 74) is DENIED.

IT IS SO ORDERED this 10th day of December, 2010.

ROBIN J. CAUTHRON
United States District Judge